RENDERED: MARCH 21, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0026-MR

CHRISTOPHER MAJOR                                       APPELLANT

v.          APPEAL FROM FAYETTE CIRCUIT COURT
            HONORABLE THOMAS L. TRAVIS, JUDGE
            ACTION NO. 19-CR-00618-002

COMMONWEALTH OF KENTUCKY                                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, KAREM, AND LAMBERT, JUDGES.

KAREM, JUDGE:  Christopher Major ("Major") entered a conditional guilty plea to the charges of theft by unlawful taking over $10,000, three counts of theft by unlawful taking under $1,000, and being a first-degree persistent felony offender. Christopher was sentenced to ten years' imprisonment, reserving his right to appeal the circuit court's denial of his motion to suppress.  Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In its order denying Major's motion to suppress, the circuit court stated the relevant facts as follows:

On March 27, 2019, Lexington Police were called to the Days Motor Lodge (Lodge) located on Versailles Road. Lexington Police Detectives had been to the Lodge the day before, investigating a nearby stolen car. [Major] was seen on the Lodge's security system running through the parking lot but then was unable to be located. A detective left his card with a Lodge employee. The Detectives were then called to the Lodge on March 27, 2019, because a Lodge employee called and reported that the suspect the detectives were investigating was seen entering a room at the Lodge. The Lodge also complained that the suspect was not the registered occupant of the room and was a trespasser. Thus, the current occupant violated the Lodge policies. The Detectives, as well as uniformed officers, approached the room and attempted to gain entry. When the suspects would not open the door, the police had an employee of the Lodge open the door so the police could enter.

The police did not have a warrant. When the police entered the room, they found three people, one being [Major]. The other two individuals in the room surrendered to the officers. [Major] was found in the bathroom of the room smoking what appeared to be crack. The police then informed [Major] that he was being arrested for trespassing. He was then transported to the police station, read his *Miranda*[1] rights, and questioned by the police. During this questioning, [Major] made incriminating statements regarding various crimes he committed.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Major moved to suppress his statement, claiming that the police unlawfully entered the motel room. Thus, Major alleged that his arrest was illegal and that his statement should be suppressed. The circuit court conducted a suppression hearing on July 11, 2022.

> At the evidentiary hearing, the Court was told by [Lexington Police detective David Collins] that the Lodge maintains a policy that only those who pay to stay in the room may be in the room. Motel renters are not allowed to have guests. If they do, their guests would be considered trespassers, regardless of whether the registered person invited them. During his arrest, [Major] state[d] he was there to "visit" a friend. No one from the Lodge testified at the hearing. [Major] did not testify, nor did he submit any evidence to refute the Commonwealth's evidence establishing he was present at the hotel for the purpose of smoking crack cocaine.
>
> On May 13, 2019, [Major] was indicted on one (1) count of Theft by Unlawful Taking greater than $10,000 but under $1,000,000, three (3) counts of Theft by Unlawful Taking greater than $500 but under $10,000, and Persistent Felony Offender First Degree.

The circuit court ultimately denied Major's suppression motion, concluding that Major had no reasonable expectation of privacy in the motel room because he was trespassing. The circuit court also determined that "when the police are called to a location and are told people are trespassing, it would be reasonable for the officer to think that the Lodge employee had the authority to allow the officers into the room to remove the trespassers." Thus, the circuit court

found that the officers did not violate the Fourth Amendment when they entered the motel room and subsequently placed Major under arrest.

Major entered a conditional guilty plea to the amended charges of theft by unlawful taking under $10,000, three (3) counts of theft by unlawful taking under $1,000, and being a first-degree persistent felony offender. The circuit court sentenced him to ten years' imprisonment. This appeal followed.

We will discuss further facts as they become relevant.

## ANALYSIS

### 1. Standard of Review

When reviewing a circuit court's ruling on a motion to suppress evidence, an appellate court "review[s] the trial court's factual findings for clear error, and deem[s] conclusive [such findings] if supported by substantial evidence." *Williams v. Commonwealth*, 364 S.W.3d 65, 68 (Ky. 2011) (internal footnote citations omitted). Additionally, we review "[t]he trial court's application of the law to the facts" *de novo*. *Id*. (internal footnote citation omitted).

### 2. Discussion

On appeal, Major alleges that the circuit court's finding that he did not have a reasonable expectation of privacy in the hotel room was clearly erroneous and not supported by the evidence. As with all suppression issues, we begin our analysis by noting that "searches conducted outside the judicial process, without

prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357, 88 S. Ct. 507, 514, 19 L. Ed. 2d 576 (1967) (internal footnote citations omitted). Indeed, "[t]he Fourth Amendment of the United States Constitution, as applied to the states under the Fourteenth Amendment, and Section 10 of the Kentucky Constitution, provide safeguards against unreasonable searches and seizures." *Bolin v. Commonwealth*, 592 S.W.3d 305, 309 (Ky. App. 2019) (internal footnote omitted).

However, Fourth Amendment protections apply only to areas searched wherein the defendant holds a "legitimate expectation of privacy." *Rawlings v. Kentucky*, 448 U.S. 98, 104, 100 S. Ct. 2556, 2561, 65 L. Ed. 2d 633 (1980). In analyzing the scope of the constitutional protections, the United States Supreme Court has explained that:

> [I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable; *i.e.*, one that has a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.

*Minnesota v. Carter*, 525 U.S. 83, 88, 119 S. Ct. 469, 472, 142 L. Ed. 2d 373 (1998) (internal quotation marks and citation omitted). Consequently, an individual's subjective expectation must also be "one that society is prepared to

recognize as reasonable." *Smith v. Maryland*, 442 U.S. 735, 740, 99 S. Ct. 2577, 2580, 61 L. Ed. 2d 220 (1979) (internal quotation marks and citations omitted).

The United States Supreme Court has determined that guests enjoy a reasonable expectation of privacy in hotel rooms. *Stoner v. California*, 376 U.S. 483, 490, 84 S. Ct. 889, 893, 11 L. Ed. 2d 856 (1964) ("[A] guest in a hotel room is entitled to constitutional protection against unreasonable searches and seizures."). Nevertheless, "once a hotel guest's rental period has expired or been lawfully terminated, the guest does not have a legitimate expectation of privacy in the hotel room or in any article therein of which the hotel lawfully takes possession." *Blades v. Commonwealth*, 339 S.W.3d 450, 453 (Ky. 2011) (quoting *United States v. Allen*, 106 F.3d 695, 699 (6th Cir. 1997) (citations omitted) (internal quotations omitted)).

In this case, the evidence of record indicates that a hotel employee called the police and asked them to remove Major, which ended any legitimate or reasonable privacy interest that Major may have had while in the hotel room. Detective Arnold testified at the suppression hearing that he received a call from an employee requesting assistance at the motel because Major was in a room not registered to him and was trespassing. The body camera footage confirms that a hotel employee had made a call requesting assistance from the police for a trespasser, as Major was in the room in violation of the motel policy. Major's

-6-

name was not on the hotel room's registration, and he admitted to the police that he had not rented the motel room.

Moreover, Major provided no evidence that he was an overnight guest. Rather, the evidence showed Major was in the room to smoke crack cocaine, as that was what he was doing in the bathroom when he encountered the police. The evidence presented at the suppression hearing indicated that Major was a non-registered, non-paying individual in a motel room violating a motel policy. A hotel employee had taken affirmative steps to remove Major from the hotel room by calling the police and requesting assistance, terminating Major's right to be there. Once Major's right to be in the room was terminated, any alleged expectation of privacy ended under *Blades*. *Id.* at 453. The circuit court correctly concluded that Major did not have a reasonable expectation of privacy to contest the officers' entry into the room. Thus, his subsequent confessions were untainted by any Fourth Amendment violations.

Because we have determined that Major had no legitimate expectation of privacy in the motel room, we decline to address Major's remaining arguments on appeal, as our analysis renders them moot.

## CONCLUSION

For the foregoing reasons, we affirm the Fayette Circuit Court's order.

ALL CONCUR.

BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Roy Alyette Durham II            Russell Coleman
Frankfort, Kentucky              Attorney General of Kentucky

                                 Courtney J. Hightower
                                 Assistant Attorney General
                                 Frankfort, Kentucky